```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

MICHAEL R. RANDOLPH,
individually and on behalf
of all others similarly situated,

    Plaintiff

v.                                               Civil Action No. 2:00-1132

JOE HOLLAND CHEVROLET, INC., a
West Virginia Corporation,

    Defendant

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion for reconsideration, or, in the alternative, for relief from judgment, filed May 1, 2002.

Defendant seeks reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, of the court's April 16, 2002, order granting plaintiff's motion for partial summary judgment as to that portion of Count I of the complaint alleging a violation of the timing requirements of Regulation Z, 12 C.F.R. § 226.17, and denying defendant's motion for summary judgment on that same claim. In the alternative, defendant moves for relief from judgment pursuant to Rule 60(b)(6).

Inasmuch as final judgment has not been entered, the court concludes that neither Rule 59(e) nor 60(b)(6) are

appropriate mechanisms for the relief requested.  The requested reconsideration is appropriate, if at all, under Rule 54(b).  Accordingly, defendant's motion will be treated as one seeking reconsideration pursuant to Rule 54(b).

Defendant moves the court for reconsideration of its April 16, 2002, order in view of a final rule, published April 9, 2002, by the Federal Reserve Board ("FRB").  The final rule clarified the official staff commentary to Regulation Z.  See 67 Fed. Reg. 16980 (Apr. 9, 2002) (hereinafter "amended commentary").  The amended commentary was not brought to the court's attention prior to the April 16, 2002, ruling.  Defendant contends the amended commentary abrogates Polk v. Crown Auto, Inc., 221 F.3d 691 (4th Cir. 2000) (per curiam), binding authority upon which this court relied in concluding defendant failed to make certain disclosures in a timely manner as required by Regulation Z.

I.

The factual and procedural underpinnings of this action were discussed at length in the April 16, 2002, order.  The court does not revisit that discussion here.

2

In the April 16, 2002, order, the court granted plaintiff's motion for partial summary judgment and denied defendant's motion for summary judgment to the extent those motions related to defendant's liability on Count I of the complaint for violating the timing requirements of Regulation Z. <u>Randolph v. Joe Holland Chevrolet, Inc.</u>, 2:00-1132, slip op. at 20-21 (S.D. W. Va. Apr. 16, 2002). Relying upon <u>Polk</u>, the court concluded that "[m]erely providing a consumer with an opportunity to review the credit terms immediately before he signs the contract, thereby obligating himself to those credit terms, does not comport with the requirements of Regulation Z and the TILA." (<u>Id.</u> at 14.) In particular, the court found that

> defendant was required to deliver a copy of the necessary TILA disclosures to plaintiff in a form he could retain prior to the consummation of the retail installment sales contract. Without plaintiff having in his possession a copy of the credit terms to examine or to compare with terms from other lenders, defendant violated the timing requirements found in Regulation Z.

(<u>Id.</u> at 15-16.) Defendant contends it provided plaintiff with a copy of the necessary disclosures, on a multi-copy credit sales contract, prior to plaintiff signing the contract. It thus asserts it complied with Regulation Z according to the amended commentary.

3

II.

A.  Governing Standards

    1.  Procedural Standard for Reconsideration

Rule 54(b) states that, in the absence of the court directing the entry of a final judgment as to one or more but fewer than all the claims or parties in a case involving multiple parties, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties."  Fed. R. Civ. P. 54(b).  In <u>American Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505 (4th Cir. 2003), our court of appeals observed as follows:

> [A]n order of partial summary judgment is interlocutory in nature. <u>See</u>, <u>e.g.</u>, 11 Moore's Federal Practice § 56.40[3] (Matthew Bender 3d ed.) ("A partial summary judgment order is interlocutory . . . ."). Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. <u>See</u> 12 Moore's Federal Practice § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders...."). This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. <u>See</u> <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to

4

>reconsideration at any time prior to the entry of a final judgment."); cf. Fed.R.Civ.P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment"). Said power is committed to the discretion of the district court, see <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"), and doctrines such as law of the case, which is what the district court apparently relied on in this case, have evolved as a means of guiding that discretion, see <u>Sejman v. Warner-Lambert Co., Inc.</u>, 845 F.2d 66, 69 (4th Cir.1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (internal quotation marks omitted)).
>
>Law of the case is just that however, it does not and cannot limit the power of a court to reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.

<u>Id.</u> at 514-15. With this standard in mind, the court proceeds to the analysis.

### 2. FRB Deference

Congress "specifically designated the Federal Reserve Board and staff as the primary source for interpretation and application" of the TILA. <u>Ford Motor Credit, Co. v. Milhollin</u>,

444 U.S. 555, 557 (1980).  Accordingly, courts should refrain from substituting their own "interstitial lawmaking" for that of the FRB.  Id. at 566-68; see also 15 U.S.C.A. § 1604(a). The FRB's administrative interpretation of the TILA's provisions, as set forth in Regulation Z, 12 C.F.R. 226.1, et seq., is to be afforded a "high degree of deference."  See Ford Motor Credit, Co. v. Milhollin, 444 U.S. 555, 557 (1980).  Indeed, our court of appeals has observed "The regulations and staff commentary are 'dispositive' unless 'demonstrably irrational.'"  Cades v. H & R Block, Inc., 43 F.3d 869, 875 (4th Cir. 1994) (quoting Milhollin, 444 U.S. at 565).

     While the FRB has been given broad authority in prescribing regulations to carry out the purposes of the TILA, that authority is confined to efforts to effectuate the purposes of the Act, to prevent circumvention thereof, or to facilitate compliance therewith.  See 15 U.S.C.A. § 1604(a); see also Anderson Bros. Ford v. Valencia, 452 U.S. 205, 219 (1981) (holding that absent some obvious repugnance to the TILA, the FRB's regulation implementing the Act should be accepted by courts).

**B.   Analysis**

The amended commentary interprets and applies the requirements of Regulation Z in regard to the manner and timing of disclosures.  <u>See</u> 12 C.F.R. 226, Supp. I (2005).  In its discussion of the proposed revisions, the FRB observed that the amended commentary was intended to:

> clarify how creditors that use a single document for the credit contract and TILA disclosures may satisfy the requirement that disclosures be provided to the consumer before consummation in a form the consumer may keep.

67 Fed. Reg. 16980, 16981 (Apr. 9, 2002). The FRB further commented that:

> The practice of putting TILA disclosures on the same document with the credit contract is common in connection with motor vehicle installment sales. Several recent court decisions have addressed whether creditors that use a single document must provide consumers with a separate copy of the disclosures to keep before providing a second copy that the consumer may execute to become obligated on the credit contract. The court decisions have not been uniform in their result.

<u>Id.</u>

The amended commentary, found at 12 C.F.R. § 226.17(b)(3), reads as follows:

> Disclosures provided on credit contracts.  Creditors must give the required disclosures to the consumer in writing, in a form that the consumer may keep, before

>consummation of the transaction. See § 226.17(a)(1)
>and (b). Sometimes the disclosures are placed on the
>same document with the credit contract. <u>Creditors are
>not required to give the consumer two separate copies
>of the document before consummation, one for the
>consumer to keep and a second copy for the consumer to
>execute</u>. The disclosure requirement is satisfied if
>the creditor gives a copy of the document containing
>the unexecuted credit contract and disclosures to the
>consumer <u>to read and sign</u>; and the consumer receives a
>copy to keep <u>at the time the consumer becomes
>obligated</u>. It is not sufficient for the creditor
>merely to show the consumer the document containing the
>disclosures before the consumer signs and becomes
>obligated. The consumer must be free to take
>possession of and review the document in its entirety
>before signing.

67 Fed. Reg. 16982-83 (emphasis added). To illustrate application of the amended commentary, the FRB offers the following example of compliance with Regulation Z's timing requirements:

>A creditor gives a consumer a multiple-copy form
>containing a credit agreement and TILA disclosures.
>The consumer reviews and signs the form and returns it
>to the creditor, who separates the copies and gives one
>copy to the consumer to keep. The creditor has
>satisfied the disclosure requirement.

<u>Id.</u> at 16983.

Here, the multi-copy form of the disclosures with respect to financing were provided at the time plaintiff sat down with defendant's finance director to consummate the sales contract. Prior to consummation, defendant's finance director claims to have discussed the financing documentation with

8

plaintiff, though plaintiff's testimony reflects that plaintiff can remember few details of the discussion. (See Aff. of Gerald Ray at 1-2; dep. of Michael R. Randolph 77-78.)[1] Plaintiff admits, however, that he did not read the documents presented to him prior to signing nor ask any questions about them. (See Randolph depo. at 72.) He further admits he did not ask for more time to review the documents. (Id. at 73.) It is simply speculative to contend that plaintiff would not have been permitted to take possession of the documents before signing to read them or consider the deal further. After consummating the deal, plaintiff was provided, inter alia, a copy of the retail installment contract and disclosure statement. (Pl.'s Mem. in Supp. of Part. Summ. J. at 3-4.)

---

[1] Plaintiff testified equivocally. On page 72 of his deposition, plaintiff was asked whether Mr. Ray went over the document with him, to which he responded "Somewhat, probably so. I can't say he didn't." (Randolph dep. at 72.) One page later, he appears to suggest he only remembers signing it and states "I said he may – he may have said something over it." (Id. at 73.) The following exchange then took place:

> Q. So, your testimony is based upon your memory you don't recall whether or not this document was actually gone over with you before you signed it or what was explained to you about this document?
>
> A. No, I don't recall.

(Id. at 73-74.) As noted by our court of appeals, "A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984).

9

This series of events ties very closely with the example offered in the amended commentary, an FRB pronouncement that must be afforded a high degree of deference.  Accordingly, defendant's actions were in keeping with the requirements of Regulation Z in regard to the timing of disclosures.  The court, accordingly, concludes that defendant is entitled to summary judgment with respect to Count I of plaintiff's complaint inasmuch as defendant did not violate Regulation Z and the TILA, as clarified by the FRB on April 9, 2002, with respect to the timing of the disclosures.  The court ORDERS that the contrary ruling in its April 16, 2002, order be, and it hereby is, vacated.

Inasmuch as neither party claims that the FRB's amended commentary otherwise affects the April 16, 2002, order, the remainder of that order shall remain in full force and effect.

### III.

Based upon the foregoing, it is ORDERED that defendant's motion for reconsideration be, and it hereby is, granted.  It is further ORDERED that the court's April 16, 2002, order be, and it hereby is, vacated to the extent that it granted plaintiff summary judgment as to liability on that portion of

Count I of the complaint alleging that defendant failed to make disclosures required by the TILA in a form plaintiff could keep prior to consummation of the contract. Upon reconsideration, it is ORDERED that defendant's motion for summary judgment be, and it hereby is, granted as to Count I of the complaint, and that plaintiff's motion for partial summary judgment as to Count I be, and it hereby is, denied. The remainder of the April 16, 2002, order, shall remain in full force and effect.

       The clerk is directed to forward copies of this written opinion and order to all counsel of record.

                            DATED:  September 30, 2005

                            John T. Copenhaver, Jr.
                            United States District Judge