```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON



MICHAEL R. RANDOLPH,

        Plaintiff

v.                                  Civil Action No. 2:00-1132

JOE HOLLAND CHEVROLET, INC., a
West Virginia Corporation,

        Defendant


              MEMORANDUM OPINION AND ORDER
```

Pending is plaintiff's motion for reconsideration or clarification filed November 14, 2005.


I.


On December 1, 2000, plaintiff Michael R. Randolph instituted this action with a two-count complaint. (Compl. ¶ 1(a)). Plaintiff is a West Virginia citizen who engaged in a credit transaction with defendant Joe Holland Chevrolet, Inc., a West Virginia corporation, resulting in the plaintiff's purchase of a new automobile from defendant. (Id. ¶ 2, 3, 5(b)).

Under the heading "COUNT I - TRUTH IN LENDING[,]" the

complaint provides materially as follows:

> The plaintiff alleges that in the course of this consumer credit transaction, the defendant violated the disclosure requirements of the Federal Consumer Credit and Protection Act and Regulation Z by failing to timely make the following disclosures to the plaintiff in a form the consumer can keep prior to consummation of the contract:
>
> Failing to properly and accurately disclose the "amount financed," using that term, and a brief description such as "the amount of credit provided to you on your behalf," in violation of Regulation Z, §226.18(b), 12 C.F.R. §226.18(b), and §128(a)(2(A) and §128(a)(8) of the Act, 15 U.S.C. §1638(a)(2)(A), and §1638(a)(8);
>
> Failing to clearly and accurately disclose the "total of payments," using that term, and a descriptive explanation, such as "the amount you will have paid when you have made all scheduled payments," in violation of Regulation Z, §226.18(h), 12 C.F.R. §226.18(h), and §128(a)(5) and §128(a)(8) of the Act, 15 U.S.C. §1638(a)(5) and §1638(a)(8);
>
> Failing to clearly and accurately disclose the "annual percentage rate," using that term, and a brief description, in violation of Regulation Z, §226.18(e), 12 C.F.R. §226.18(e), and §128(a)(4) and §128(a)(6) of the Act, 15 U.S.C. §1638(a)(4) and §1638(a)(8);
>
> Failing to clearly and accurately disclose in a credit sale, the "total sale price," using that term, and a descriptive explanation (including the amount of any down payment) in violation of Regulation Z, §226.180[], 12 C.F.R. §226.18[(]j), and § 128(a)(7) and §128(a)(8) of the Act, 15 U.S.C. §1638(a)(7) and § 1638(a)(8);
>
> Failing to declare the annual percentage rate and finance charge more conspicuously than all other disclosures and information provided in connection with the transaction in violation of Regulation Z, §§ 226.5(a) and 226.17(a), and 15 U.S.C. §1632(a); and

> Failing to deliver these and all disclosures in a form the consumer may keep prior to consummation. 15 U.S.C. §1638(b)(1).
>
> Plaintiff brings this as a class claim pursuant to Rule 23 . . . on behalf of all consumers who were not provided a duplicate disclosure in a form they could keep prior to consummation any time after that date one year immediately preceding the filing of this action.

(Id. ¶¶ 9-10).

Plaintiff contends that these allegations give rise to not only a timeliness claim, namely the defendant's failure to make certain disclosures to the plaintiff in a form he could keep prior to consummation, but also an accuracy claim, alleging defendant's failure to correctly disclose (1) the "amount financed," (2) the "total of payments," (3) the "annual percentage rate," and (4) the "total sale price" relating to the purchase of the automobile at issue in this case.

On April 16, 2002, the court entered an order resolving the parties' summary judgment motions. The court noted that, when the action was instituted, plaintiff alleged "in Count I various violations of the Truth in Lending Act . . . and Regulation Z . . . ." Randolph v. Joe Holland Chevrolet, Inc., No. 2:00-1132, slip op. at 5 (S.D. W. Va. Apr. 16, 2002). The court then set out, in language tracking the complaint, the claims alleged up to that complaint allegation dealing with the

"total sale price[.]" Id. at 5-6. At that point, the court stated as follows: "Plaintiff also alleges that defendant violated the TILA by failing to disclose the annual percentage rate and finance charge more conspicuously than all other disclosures and information provided in connection with the transaction." Id. at 6. The court thus suggested only two predicates for the Count I TILA cause of action, namely the timing claim and what will be referred to as the conspicuity claim. Plaintiff did not seek summary judgment on an accuracy claim.

The court ultimately granted judgment as a matter of law (1) to defendant on the conspicuity claim, and (2) to plaintiff on the timing claim. The court then denied summary judgment as to Count II, the fraud claim. Defendant then moved for reconsideration of that portion of the April 16, 2002, order denying summary judgment on the timing claim.

On April 25, 2002, the court conducted a telephonic conference with the parties. The court's written notes from the April 25, 2002, telephonic status conference reflect plaintiff's counsel's observation that there remained two aspects to Count I, even allowing for the previous ruling on the conspicuity claim. Plaintiff's counsel observed the two remaining TILA matters

related to the timing claim and the "failure to give disclosures; and failure to give accurate disclosures . . . ." (Notes of Stat. Conf. Apr. 25, 2002).

The April 25, 2002, telephonic conference resulted in an order entered the next day which directed plaintiff to "submit a supplemental brief in support of the motion for class certification . . . addressing the availability of actual and statutory damages to plaintiff." <u>Randolph v. Joe Holland Chevrolet, Inc.</u>, No. 2:00-1132, slip op. at 5 (S.D. W. Va. Apr. 26, 2002). The supplemental briefing filed by plaintiff discussed the accuracy claim. The following excerpt from one of plaintiff's submissions is illustrative:

> Inasmuch as the Defendant failed to accurately disclose the amount financed, one of the enumerated closed end transaction violations giving rise to statutory damages, one of the enumerated violations is impacted. . . .
>
> As demonstrated in <u>Plaintiff's Supplementary Memorandum in Support of Plaintiff's Amended Motion for Class Certification</u> . . . the Defendant failed to accurately disclose the amount financed . . . when it falsified the trade-in allowance on the disclosure statement.

(Pl.'s Memo Re: Damages and Resp. and Reply to Def.'s Mots. at 2-3 ("Memo") (emphasis supplied)). The Memo then goes on to observe that plaintiff also "suffered actual damages as a result of failure to accurately disclose the downpayment[,]" making as

5

well a similar, though decidedly less effusive, argument that he was entitled to the same type of damages concerning the timeliness claim. (Id. at 4).

On September 30, 2005, the court granted defendant's motion to reconsider. The court observed in the body of the summary judgment opinion that "defendant is entitled to summary judgment with respect to Count I of the plaintiff's complaint inasmuch as defendant did not violate Regulation Z and the TILA, as clarified by the FRB on April 9, 2002, with respect to the timing of the disclosures." Randolph v. Joe Holland Chevrolet, Inc., No. 2:00-1132, slip op. at 10 (S.D. W. Va. Sept. 30, 2005) ("First Order"). The conclusion section of the First Order provides as follows:

> Based upon the foregoing, it is ORDERED that defendant's motion for reconsideration be, and it hereby is, granted. It is further ORDERED that the court's April 16, 2002, order be, and it hereby is, vacated to the extent that it granted plaintiff summary judgment as to liability on that portion of Count I of the complaint alleging that defendant failed to make disclosures required by the TILA in a form plaintiff could keep prior to consummation of the contract. Upon reconsideration, it is ORDERED that defendant's motion for summary judgment be, and it hereby is, granted as to Count I of the complaint, and that plaintiff's motion for partial summary judgment as to Count I be, and it hereby is, denied. The remainder of the April 16, 2002, order, shall remain in full force and effect.

Id. at 10-11. The same day, the court denied plaintiff's April

6

26, 2002, amended motion for class certification:

> Plaintiff seeks the certification of a class for the alleged Truth-in-Lending Act violations set forth under count I of his complaint.  Inasmuch as the court by separate order entered today reversed its April 16, 2002, order granting partial summary judgment to the plaintiff on certain Truth-in-Lending claims concerning timing of disclosures and now has granted defendant's motion for summary judgment concerning all of plaintiff's claims asserted under count I of the complaint, the court denies the pending motion as moot.

<u>Randolph v. Joe Holland Chevrolet, Inc.</u>, No. 2:00-1132, slip op. at 1 (S.D. W. Va. Sept. 30, 2005) ("Second Order").

Plaintiff moved on November 14, 2005, for reconsideration of the First Order.  He seeks essentially the reinstatement of Count I so that he might now pursue the accuracy claim.  Defendant has responded to the motion, but plaintiff has failed to reply as directed by the court in its briefing order filed November 16, 2005.  The matter is now ripe for adjudication.

II.

A.   Governing Standards

Rule 54(b) states that, in the absence of the court directing the entry of a final judgment as to one or more but fewer than all the claims or parties in a case involving multiple parties, "the order or other form of decision is subject to

7

revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties." Fed. R. Civ. P. 54(b). In <u>American Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505 (4th Cir. 2003), our court of appeals observed as follows:

> [A]n order of partial summary judgment is interlocutory in nature. <u>See</u>, <u>e.g.</u>, 11 Moore's Federal Practice § 56.40[3] (Matthew Bender 3d ed.) ("A partial summary judgment order is interlocutory . . . ."). Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. <u>See</u> 12 Moore's Federal Practice § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders...."). This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. <u>See</u> <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); cf. Fed.R.Civ.P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment"). Said power is committed to the discretion of the district court, <u>see</u> <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"), and doctrines such as law of the case, which is what the district court apparently relied on in this case, have evolved as a means of guiding that discretion, see <u>Sejman v. Warner-Lambert Co., Inc.</u>, 845 F.2d 66, 69 (4th Cir.1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous

8

>    and would work manifest injustice." (internal quotation marks omitted)).
>
>    Law of the case is just that however, it does not and cannot limit the power of a court to reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.

**Id.** at 514-15.  With this standard in mind, the court proceeds to the analysis.

**B.   Analysis**

One must constantly be mindful of the settled rule that "the notice pleading contemplated by the Federal Rules deemphasizes technical nicety . . . ."  **Deasy v. Hill**, 833 F.2d 38, 42 (4th Cir. 1987).  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court recently noted the flexibility of this requirement:

>    Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.  "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court."

<u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512-13 (2002) (citations omitted).

Ideally, plaintiff would have been more forthcoming early on about his overall theory of the case, allowing for the issues to be fully joined at an earlier juncture. At the same time, one can fairly ascertain the presence of an accuracy claim from the initial pleading. Further, plaintiff at least mentioned the accuracy claim as early as the telephonic status conference on April 25, 2002. In view of these considerations, and the decided preference for resolving civil actions on their merits, the court will permit plaintiff to pursue the accuracy claim, subject to any dispositive motion filed by defendant in accordance with the case management order entered this same date.

The court, accordingly, ORDERS that plaintiff's motion to reconsider or for clarification be, and it hereby is, granted so as to permit plaintiff to pursue the accuracy claim under Count I.

The clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: December 12, 2005

                                John T. Copenhaver, Jr.
                                United States District Judge