```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MICHAEL R. RANDOLPH,**

    Plaintiff

v.                                   Civil Action No. 2:00-1132

**JOE HOLLAND CHEVROLET, INC, a**
**West Virginia Corporation,**

    Defendant

## MEMORANDUM OPINION AND ORDER

Pending are the parties' cross motions for summary judgment, filed December 15, 2005.

The court has previously discussed the undisputed facts and procedural posture of this case in three separate memoranda opinions entered respectively on April 16, 2002, September 30, 2005, and December 12, 2005.  Those discussions are not revisited here.  Each party presently asserts its entitlement to judgment as a matter of law for separate reasons.

Defendant's motion appears based upon the proposition that plaintiff cannot prove fraud and, hence, he likewise cannot prove a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.  (See Defs.' Mot. Summ. J. at 2 ("Defendant contends that no misrepresentation was made during the sales process, that

Plaintiff cannot establish evidence to support a claim for fraud; therefore, as a result, the TILA disclosures were accurate."); Defs.' Reply at 2 ("As Plaintiff cannot support a claim of fraud, Plaintiff cannot support a claim for an alleged violation of the TILA.")

In its April 16, 2002, memorandum opinion and order, the court observed as follows:

> Inasmuch as a jury should determine whether plaintiff's confusion regarding this transaction resulted from his own failure to adequately review the documents he executed or from some affirmative misrepresentation on defendant's part, neither party is entitled to summary judgment on plaintiff's fraud claim.

<u>Randolph v. Joe Holland Chevrolet, Inc.</u>, No. 2:00-1132, slip op. at 20 (S.D. W. Va. Apr. 16, 2002). Inasmuch as defendant offers no justification for revisiting, or modifying, this analysis, the court adheres to its prior ruling.

Regarding plaintiff's motion, genuine issues of material fact also remain. For example, the integrated pretrial order and the parties' briefing reflect a genuine issue of material fact concerning the allowance given for plaintiff's trade-in vehicle. As plaintiff apparently concedes, this figure is significant for determining whether the TILA was violated. (Pl.'s Memo. in Supp. Summ. J. at 1 ("Defendant suppressed that

2

it was not affording the trade-in allowance as disclosed, which impacted the accuracy of other disclosures."). Beyond this consideration, however, the exact manner in which the deal formed up is not of such clarity that judgment as a matter of law would be appropriate at this time.

Based upon the foregoing, the court ORDERS that the parties' cross motions for summary judgment be, and they hereby are, denied. This action will proceed to trial in accordance with the court's September 30, 2005, order.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:  January 5, 2006

John T. Copenhaver, Jr.
United States District Judge